UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRELL L. PURNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:10CV205 JCH |
| ) | (TIA) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Reverse and Remand (Docket No. 12). The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b). The suit involves applications for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Act.

## Procedural History

On March 5, 2007, Plaintiff filed Applications for Disability Insurance Benefits under Title II of the Act, 42 U.S.C. §§ 401 et. seq. (Tr. 91-98)[1] and Supplemental Security Income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq,(Tr. 87-89) alleging disability since January 26, 2007. The applications were denied (Tr. 45-48), and Plaintiff subsequently requested a hearing before an Administrative Law Judge (ALJ), which was held on June 17, 2009. (Tr. 18-40, 49-50). In a decision dated September 21, 2009, the ALJ found that Plaintiff had not been under a disability as defined by the Social Security Act, from January 26,

---

[1] "Tr." refers to the page of the administrative record filed by Defendant with its Answer. (Docket No. 11/filed May 24, 2010).

2007 through the date of the decision. (Tr. 4-17). The Appeals Council denied Plaintiff's Request for Review on December 11, 2009. (Tr. 1-3). Thus, the ALJ's decision is the final decision of the Commissioner.

**Discussion**

On February 4, 2010, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed his Answer and the Transcript on May 24, 2010. After review of the case, the agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Thereafter, the Appeals Council determined that remand to be appropriate for further consideration of Plaintiff's claim. On, June 22, 2010, the Defendant filed a Motion to Remand, requesting that the Court reverse the ALJ's decision and remand the action to the Defendant pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the Appeals Council will direct an ALJ to give additional consideration to Plaintiff's mental status and to provide specific mental functional limitations. Further, the ALJ will be directed to compare Plaintiff's residual functional capacity to the functional demands and job duties of Plaintiff's past relevant work as actually and generally performed. The Appeals Council noted that Plaintiff is currently working and had worked in 2008 and 2009 and thus the ALJ will also consider Plaintiff's work and perform the rest of the sequential evaluation process as deemed necessary. Thus, Defendant requests that this Court enter a final judgment reversing the ALJ's decision and remanding the case to the Commissioner for further review. Plaintiff filed his consent to the Defendant's Motion to Reverse and Remand on June 22, 2010.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292,

296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which provides that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or without a remand order. See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of the Defendant's assertions in the Motion to Reverse and Remand. Because the Appeals Council has agreed that remand is warranted, little discussion is necessary. Therefore, in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. On remand, the ALJ should give additional consideration to Plaintiff's mental status and provide specific mental functional limitations; compare Plaintiff's residual functional capacity to the functional demands and job duties of Plaintiff's past relevant work as actually and generally performed; and consider Plaintiff's work and perform the rest of the sequential evaluation process as deemed necessary. Because the Defendant agrees that the case should be remanded, and the Plaintiff has no

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand. However, the statute does not explicitly mandate such in-depth evaluation. In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the Plaintiff has no objection to such remand.

objection, Defendant's Motion to Reverse and Remand under sentence four should be granted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Reverse and Remand (Docket No. 12) be **GRANTED** and that the final decision of the Commissioner denying social security benefits be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this Report and Recommendation.

The parties are advised that they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this    25th    day of June, 2010.